UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EDDIE LORENZO BROWN, JR., | ) |
| Plaintiff | ) |
| | ) No. 3:11-1161 |
| v. | ) Judge Nixon/Brown |
| | ) **Jury Demand** |
| MICHAEL HARRIS, *et al.*, | ) |
| Defendants | ) |

**TO: THE HONORABLE JOHN T. NIXON**

## REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that this case be DISMISSED without prejudice for failure to prosecute, failure to obey court orders, and lack of ability to represent the named Plaintiff Eddie Lorenzo Brown, Jr.

### BACKGROUND

This case was originally filed in the Circuit Court for Montgomery County. It was subsequently removed by the Defendants to this court. The lawsuit was originally filed by an attorney for Eddie Brown, Sr. and Carnita Brown as the parents and next of kin of Eddie Lorenzo Brown, Jr. The suit alleges that Eddie L. Brown, Jr. was a student who was expelled from the Clarksville Montgomery County school system because of an incident on the school bus. The complaint alleges that the Defendants discriminated against the Plaintiff because of his race--African American (Docket Entry 1-1).

The case proceeded normally with an initial case management order (Docket Entry 8) entered on February 6, 2012. At

the present time discovery has closed, dispositive motions are due January 31, 2013, and the matter is set for trial on July 23, 2013 (Docket Entry 8). The parties did have some later difficulty with discovery, which was the subject of a telephone conference on August 2, 2012 (Docket Entry 15).

It appears that relations between Plaintiffs and their counsel deteriorated and subsequently the attorney's second motion to withdraw (Docket Entry 19) was granted by the Court and the Plaintiffs were allowed 30 days from October 30, 2012, to secure new counsel or advise if they would be proceeding *pro se* (Docket Entry 20).

The Plaintiffs did not respond to this order, and subsequently the Magistrate Judge entered an order on December 11, 2012 (Docket Entry 23), directing them to show cause within 21 days why the Magistrate Judge should not recommend dismissal of the case for failure to prosecute and failure to obey court orders. In this order the Magistrate Judge also noted that the Browns could not represent their minor son *pro se*. He would have to be represented by an attorney.

To date no response to either of these orders have been received.

**LEGAL DISCUSSION**

As an initial matter it appears that Eddie L. Brown, Jr. is a minor, and as such may not be represented by his parents.

2

*Shepherd v. Wellman*, 313 F.3d 963 (6th Cir. 2002). This ground alone justifies dismissal of the case at this point, absent an appearance by a new attorney in this matter.

Additionally, the senior Browns have failed to obey the Court order concerning progress in this case despite being warned that failure to respond to court orders could lead to a recommendation to dismiss for failure to prosecute. Because this is a drastic remedy, which in some cases may preclude a suit being refiled even though it is dismissed without prejudice, the Sixth Circuit has set out a four part test before dismissing an action under Rule 41(b) of the Federal Rules of Civil Procedure.

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) where the less drastic sanctions were imposed or considered before dismissal was granted. *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).

In this case it appears that the Plaintiffs have (1) failed to cooperate with their attorney, which has led to his withdrawal from this matter; (2) it appears that the Defendants have not been provided all of the discovery they were entitled to; (3) Plaintiff have been warned about the consequences of failing to cooperate and failing to obey Court orders; and (4) less drastic measures have been considered and the Plaintiffs have been given the opportunity to proceed with an attorney in this case and they have failed to do so. They have not responded to the Court's

3

order, nor have they asked for additional time to secure the services of an attorney.

The Court must be able to control its docket and move its cases forward. In this case, particularly since there is a minor involved who cannot be represented by his parents without an attorney, dismissal without prejudice appears to be the only reasonable remedy available at this time.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends this case be dismissed without prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTER this 7th day of January, 2013.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge